JOHN RYAN and NANCY RYAN, his wife, *v.* JAMES MADDEN.

In an action of slander, by husband and wife, for words imputing the crime of adultery to the wife, it is necessary to aver that they were husband and wife at the time of speaking the words.

When words are not, of themselves, actionable, but are made so by reference to some other words or conversation, it is necessary to insert, in a *colloquium*, the conversation to which they refer, and it cannot be supplied in an innuendo.

THIS was an action on the case, for slanderous words, in five counts.

In the fourth count, the plaintiffs set forth the slanderous words complained of as having been spoken by the defendant, of and concerning the plaintiff, Nancy, as follows : viz.—" I (meaning the said James Madden) have had criminal intercourse with her,—(meaning the said Nancy) since her marriage with the said John, (meaning the said John, one of the plaintiffs) more than a hundred. times," &c., " meaning that the said Nancy had committed the crime of adultery with the said James Madden."

The first, second and third counts were to the same effect, and in each of the four first counts the words were alleged with a sufficient colloquium and proper innuendoes.

The fifth count was as follows :—

" And afterwards, to wit, on the first day of April, 1838, at Essex aforesaid, in a certain other discourse which the

said James Madden then and there had with and in the hearing and presence of one James Carty and divers other good and worthy persons of this state, he, the said James Madden, further contriving and in ending as aforesaid, then and there, in the presence and hearing of the said last mentioned persons, falsely and maliciously spoke and published of and concerning her, the said Nancy Ryan, these other false, scandalous, malicious and defamatory words following, that is to say, ' I (meaning the said James Madden) want you (meaning the said James Carty) to go and settle it (meaning the slanderous words by him the said James Madden spoken and published against her the said Nancy in this declaration beforementioned) with them, the said John Ryan and Nancy Ryan, for if it was not settled it would make it hard on both sides, for what he (meaning the said James Madden) had done to the said Nancy would send them both to the state's prison, (meaning that he, the said James Madden, and the said Nancy Ryan had been guilty of the crime of adultery together.) And the said James Madden, being cautioned by the said James Carty about saying such things , if he, the said James Madden, could not prove it, he, the said James Madden, further spoke and published to said Carty and divers other persons last mentioned, of and concerning the said Nancy, of and concerning the said crime of adultery committed by him and the said Nancy, ' By God you'll see if I do r ot prove it.' By means of the committing of which said several grievances by the said James Madden as aforesaid, she, the said Nancy Ryan, hath been and is greatly injured in her said good name, fame and credit and brought into public scandal, infamy and disgrace, with and amongst all her neighbors and other good and worthy persons of this state," &c.

It was not averred, in either count in the declaration, that the said Nancy Ryan was the wife of the said John Ryan, at the time of the speaking of the words complained of in said several counts.

Plea, not guilty. Issue to the country.

Upon the trial in the county court the cause was submitted to the jury, upon the evidence introduced, under a charge from the court which was not excepted to.

The jury returned a general verdict for the plaintiffs and the defendant filed a motion in arrest of judgment, for the

insuffiency of the declaration. The court, *pro forma*, over-ruled the motion and rendered a judgment for the plaintiffs.

The defendant excepted.

*C. D. Kasson* for defendant.

The allegation that the words were spoken " of and concerning" the plaintiff can never supply the place of a proper *colloquium* or *innuendo*. 8 East's R. 431, 432.

The declaration should set forth such *facts*, as would show to the court that the words charged are, *ex vi termini*, or, by a *proper innuendo*, actionable ; and that they were also spoken of and concerning the plaintiff.

If it do not appear that the *words* were " slanderous and defamatory " and that they were spoken " of and concerning " the *plaintiff*, he does not appear to have a right of action. 8 East's R. 431. 6 T. R. 694. 7 B. & C. 459.

If there be no colloquium laid to assist the innuendo " of whom, " or, " of what," the words must be such as that the inference sought shall, from the words alone, appear to be plain and unequivocal. 6 B. & C. 154. 8 East's R. 133. Cro. Cir. 420. Cro. Eliz. 416. *Vanvetchten* v. *Hopkins* 5 J. R. 222, 3. Starkie on Slander, 285. 2 Saund. R. 307, Note. 1 Chitty's pl. 432, 3—6.

The declaration is bad, because it is not alleged that Nancy is John's wife.

The 5th and last count is perfectly analogous to the case of *Taft* v. *Howard*, 1 Chip. R. 275; and is bad. The count appears to be in two parts, neither of which is good without the other.

The first part is bad for not charging in the words of the defendant. *Cook* v. *Cox*, 3 M. & S. 110.

The last part, " By G—d you see if I do not prove it," is clearly *bad*.

These words, in *themselves*, are not actionable. There should have been an *innuendo*, as to the crime " of what " they were spoken. It should also appear, to warrant the *innuendo*, that they were adressed *to Carty*.

*F. G. Hill* and *Maeck & Smalley* for plaintiffs.

This being a motion in arrest, the grounds of the defendant's objection must be confined to intrinsic faults, appearing on the face of the declaration.

The rule is, that, on a motion in arrest the court will not intend any thing to arrest the judgment, but will endeavor to support it, and overrule objections which they would have listened to on demurrer. *Weston* v. *Mason,* 3 Burr. R. 1725.

They will suppose every thing to have been proved which was necessary to have been proved, unless the contrary is made to appear from the record itself.—*Bull* v. *Steward,* 1 Wil. R. 255.   3 Black. Com. 394.

The only question that can arise in this case is whether the several counts contain actionable words, of themselves, spoken of and concerning the plaintiff, Nancy Ryan, or, if the words are not actionable, without reference to something else, are they helped by the introductory matter, or is a true meaning given them by the innuendos ?

Although some of the counts may contain some words not actionable, nevertheless, if the same counts also contain actionable words, they are good. 2 Chitty's Pl. 636.

In all the counts the words are charged to have been spoken " of and concerning the plaintiff, Nancy," " falsely and maliciously " and charge the plaintiff, Nancy Ryan, with having committed the crime of adultery.

In the last count the pleader sets up a conversation between the defendant and another individual, in which the defendant requests the individual " to go and settle *it.*" The innuendo properly explains the meaning by stating that the conversation referred to the slanderous words spoken by defendant, concerning Nancy Ryan, previously stated. Thus far, indeed, in this count, there is no slander. But the defendant adds, that if not settled it will send Nancy and himself to the state's prison.   What is this but reasserting the same charge ? He further adds that he can prove the truth of all the words set forth in the previous counts.   This is a repetition of all the charges in the other counts.

It was so understood by the hearer, and the jury must have found that the subject matter of the conversation, alleged in this count, had reference to the slanderous charge in the previous counts ; that the defendant republished these charges and asserted that they were true, and that it was so understood by the hearer. See *Rex* v. *Horne,* 2 Cowp. R. 683. And *Coleman* v. *Godwin,* 26 Com. Law Rep. 43.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is an action of slander. The declaration consists of several counts, and, after a general verdict, there is a motion in arrest. It is to be observed, that there is no direct averment in the declaration, that Nancy Ryan either is, or was at the time of speaking the words alleged, the wife of John Ryan, the other plaintiff. In the description of the parties, the defendant is attached to answer to the plaintiffs, as husband and wife. Even if this could be considered as an averment, it could only apply to the time of issuing the writ and could not supply the necessity of an averment, that, at the time of speaking the words, that relation existed, and unless Nancy Ryan · was the wife of the plaintiff, John, at the time when the alleged slander was uttered, the words set forth in either of the counts would not be slanderous.

In relation to the words set forth in the fifth or last count, the declaration is, obviously, defective. The words do not, of themselves, impute any crime to the said Nancy, and the innuendo can neither extend nor add to them, nor can it refer to any matter not stated in the declaration. By a reference to averments or matters previously set forth, it may appear, in the innuendo, that words were intended to impute a crime, when the words themselves, without such reference, would not convey the imputation. In this count there is no colloquium or averment of any previous conversation, nor of any matter or facts, by reference to which it might appear, that, by the words spoken, the defendant intended to charge Nancy Ryan with the crime of adultery. As there was a general verdict and the last count, without any queston, is defective, the motion in arrest should have been overruled. The judgment of the county court is, therefore, reversed and judgment arrested.