# BELKNAP,

## DECEMBER TERM, A. D. 1855.

32 478
72 402

### EDGERLEY & a. v. SWAIN.

In actions of slander, if the words laid in the declaration must have been used in a peculiar sense, or with reference to some particular subject in order to render them actionable, there must be a colloquium, or averment of the subject matter of the conversation, or the peculiar use intended of the words employed, or the action cannot be maintained, even after verdict, upon motion in arrest of judgment.

Where there is no colloquium, the plaintiff must be held to allege that the words spoken were used in their natural and ordinary signification, and that they must import a charge of crime, or some punishable offence, to render the speaking of the words actionable of itself.

Although all the words spoken need not be set forth, enough must be set forth to show the sense and connection in which those set forth were used; otherwise there will be a variance, even if the precise words laid are proved to have been spoken.

Where the words set forth, in their ordinary sense import a charge of crime, if they are proved to have been so spoken, in connection with other words, as to rebut the idea of criminality, there is a fatal variance.

CASE, for slanderous words, tried at the September term of the Common Pleas, 1853, on the general issue. The declaration alleged that the defendant, in a certain discourse which he had concerning Lydia Edgerly, one of the plaintiffs, at Meredith, on the second day of December, A. D. 1851, maliciously and falsely uttered of her these false, scandalous and defamatory words : " You have had old John Tilton up here on top of you once ; you are like an old boaring sow, and a bulling cow ;" — thereby meaning that said Lydia had been guilty of gross lewdness, and lascivious and adulterous behavior. The declaration contained no colloquium or averment.

The words proved were, " What do you harbor that whore's bird for ? you are like a boaring sow or bulling cow. You have got old John Tilton up here, and got him on to you, and now you have got Olive up here, and you may get her on to you, if you want to."

The defendant's counsel moved for a nonsuit, on the ground of a variance between the declaration and the evidence, which motion was overruled, and a verdict returned for the plaintiffs, for seventy dollars damages. Thereupon the defendant moved that the verdict be set aside for the erroneous ruling, and for alleged misconduct of the jury in the assessment of damages, and also moved in arrest of judgment, because of the alleged insufficiency of the declaration in not containing any colloquium.

*E. A. Hibbard,* for the defendant.

1. The motion for a nonsuit should have prevailed. There is a fatal variance between the declaration and the proof. It is a material variance. The word " top" is material. The words " on to you" may mean the same as the expression, he has got " on to" the town. But the words " on top of you" cannot be so construed. The words, " and now you have got Olive up here, and you may get her on to you, if you want to," tend to show that the defendant did not mean by them an adulterous connection. Mrs. Edgerly could not commit adultery with a woman. The omission of these words is a material variance.

Where the words omitted to be proved do not qualify or affect those proved, the omission is immaterial. 1 Chitty's Plead. 405. But here these words do qualify and affect the words proved.

The words, " and (have) got him on to you," indicate a continuing transaction ; something that still exists. The inference that an adulterous connection was intended to be charged is by no means so strong as if they were, " and (have) had him on you."

There is nothing in the words proved corresponding in meaning with the words in the declaration, " You have had old John Tilton up here on top of you once."

As to the necessity of proving the words substantially as laid,

he referred to 1 Chitty's Pleadings 404, 405, and authorities; *Bassett* v. *Spofford*, 11 N. H. 127.

[The argument upon the misconduct of the jury is omitted, it being understood that that point had been considered and settled in the Superior Court.]

3. The motion in arrest of judgment must prevail. There is no sufficient allegation that the defendant charged Mrs. Edgerly with committing any offence punishable by law. No one will contend that the words proved import any offence, in their natural signification. The words charged are somewhat stronger, but the defendant is entitled to have the question considered on those proved, because, if there is a material variance, the motion for a nonsuit should have prevailed. There should have been an averment or colloquium that the defendant intended to charge Mrs. Edgerly with the commission of an offence. An innuendo is not sufficient. The following authorities are decisive of this case: *Bloss* v. *Toby*, 2 Pick. 324; *Carter* v. *Andrews*, 16 Pick. 1; *Ryan* v. *Madden*, 12 Vt. 51.

It should have been averred that Lydia Edgerly, at the time the words were spoken, (and probably at the time the action was brought,) was the wife of William M. Edgerly. *Ryan* v. *Madden*, 12 Vt. 51.

*E. S. Moulton*, for the plaintiff, cited *Tucker* v. *Gordon*, 5 N. H. 565, in reply to the last position taken by the counsel for the defendant.

FOWLER, J. If any of the words set forth in the declaration are actionable of themselves, in the absence of any colloquium or averment of the sense in which they were spoken, it must be those first laid. We do not understand that the plaintiff was bound to prove all the words laid; it was enough for him to prove some material part of them. But those which were proved should have been proved substantially as stated, and to have been used in the sense in which they were alleged to have been spoken. 2 Phillips' Ev. 97; *Maitland* v. *Goldney*, 2 East

434, 438; *Rex* v. *Berry*, 4 Term 218; *Barnes* v. *Holloway*, 8 Term 150; *Cook* v. *Cox*, 3 M. & S. 110; *Miller* v. *Miller*, 8 Johns. 75; *Fox* v. *Vandebeck*, 5 Cowen 515; *Olmstead* v. *Miller*, 1 Wendell 510.

If words must have been spoken in a peculiar sense, or with reference to some particular subject, to render them actionable, there must be a colloquium or averment of the subject matter of the conversation, or the peculiar use of the words employed, or the action cannot be sustained, even after verdict, upon a motion in arrest. *Bloss* v. *Tobey*, 2 Pick. 324; *Carter* v. *Andrews*, 16 Pick. 1; *Ryan* v. *Madden*, 12 Vt. 51, and authorities; *Atkinson* v. *Scammon*, 2 Foster 42, and authorities.

The reason why such colloquium or averment is required, is because the fact that the words were spoken in a peculiar sense, or with reference to some particular subject, is traversable, and the defendant is entitled to an opportunity to deny its truth, and show that the words were not used in the sense, or spoken with reference to the subject alleged, which he cannot have if there be no such averment to traverse. *Same authorities.*

If there be no colloquium, the plaintiff must be held to allege that the words spoken were used in their natural and ordinary sense, and this natural and ordinary sense must import a charge of crime, or some punishable offence, to make the speaking of the words actionable of itself.

If the words proved shall appear to have been employed in a peculiar sense, which rebuts the idea of their containing a charge of crime; or if they shall appear to have been so used as that a charge of crime can only be drawn from them by showing that they were used in a peculiar sense, or in reference to some particular subject, there is a variance, and the action must fail, although the exact words laid may be proved to have been spoken.

Although the plaintiff need not set out all the words spoken, he must set forth enough to show the sense and connection in which they were used. If he does not, although he prove the precise words laid, yet, if they appear to have been so spoken in connection with other words, or in reference to some particu-

lar topic of discussion, as to have been used in an essentially different sense from that imputed to them in the declaration, and which is indispensable to the maintenance of the action, there will be a fatal variance.

If a plaintiff bring his action, charging a defendant with defamation in saying of him, " You are a thief," alleging that thereby the defendant intended to charge him with the crime of larceny, and to cause him to be suspected and prosecuted therefor, it is clear that these words are actionable of themselves, and the declaration would be good without any colloquium of the occasion, purpose, or intent with which they were spoken, if proved to have been spoken without any qualification, the natural import of the language used implying a charge of larceny. *Robinson* v. *Keyser*, 2 Foster 323. But if the plaintiff should prove that the conversation occurred in a controversy between the defendant and himself, in regard to the title of a farm which the defendant had claimed, and which he believed the plaintiff had in some way unjustly acquired the possession of, and that the words actually spoken were, " You are a thief, for you have stolen my farm," here would be a fatal variance between the words proved and those laid, although the precise words laid were proved to have been spoken.

So, if the words laid were, " You are a murderer ;" these might justly be held actionable without a colloquium, as importing in their natural and ordinary acceptation, a charge of homicide. But if the words proved were, " You are a murderer, for you killed my dog," it would hardly be contended that there would not be such a variance in the evidence as would defeat the action, notwithstanding the exact words declared on were proved to have been spoken.

In the case before us, if the words set forth in the declaration are actionable of themselves, as containing in their natural and ordinary acceptation a charge of crime, it would seem to be on the ground that they import a charge of fornication ; or, if the plaintiff, of whom they were spoken, were then a married woman, which does not appear, of adultery. The subsequent words

Edgerly *v.* Swain.

laid would seem to strengthen the idea of something lascivious or lewd, if, as apparently intended to be set forth, they were used in connection with and as giving character to those which precede them. The whole idea of the words contained in the declaration is, that here was a vile, unprovoked, unjustifiable attack upon the plaintiff, charging her with a foul crime in the grossest language. If they are actionable of themselves, it is because they substantially charge the plaintiff with having had old John Tilton in adulterous intercourse with her once, like an unnaturally excited beast; and it is difficult to conceive of any thing more slanderous than such a charge thus made against a woman.

But the words proved, admitting, what is not perhaps entirely clear, that they are essentially the same as those charged, present an entirely different aspect. Aside from the vulgarity of the terms employed, they contain, first, a remonstrance, in an interrogative form, against the plaintiff's harboring an unworthy woman, by an inquiry why she did it; then an allegation that she must be unnaturally excited or partially insane so to do; and, lastly, an attempt to convince her of the folly of her course, by suggesting to her that the consequences of what she had already done had been to get the maintenance of John Tilton, whom she had before harbored, charged upon her, and assuring her that if she chose to persist in her infatuation, by harboring Olive as she had John, she might incur the responsibility of Olive's maintenance also. There does not seem to us, in the words proved, to be any charge of fornication or adultery necessarily or naturally implied. On the contrary, the only phrase employed from which such a charge could possibly be inferred, is so used to indicate the relations of the plaintiff to each of the two persons, of opposite sexes, mentioned, that any presumption of such a charge having been intended by it, would seem to be entirely rebutted.

As we are of opinion there was a substantial variance between the words proved and those laid in the declaration, the verdict must be set aside, and a

*New trial granted.*